## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **JOSEPH R. WAKER, JR.,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: RWT 09cv2380 |
| | * | |
| **GE OWEN, *et al.*,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

Plaintiff Joseph R. Waker, Jr., *pro se*, instituted this action against Officer G.E. Owens (incorrectly identified as "G.E. Owen"), Governor Martin O'Malley, Attorney General Douglas Gansler, and Assistant State's Attorney Anthony Covington, in their individual and official capacities, for "Fourth Amendment – wrongful arrest" and "First Amendment – due process violations, and malicious prosecution." Compl. at 1. Defendants move the Court to dismiss the complaint on various grounds. *See* Paper Nos. 9, 11.

## BACKGROUND AND PROCEDURAL HISTORY

On August 31, 2000, Plaintiff, with the assistance of a cane, allegedly entered the Charles County courthouse in La Plata, Maryland. *See* Compl. ¶ 10. As Plaintiff approached the metal detector, Defendant Officer G.E. Owens purportedly asked Plaintiff whether the cane he was carrying contained a concealed weapon. *See id.* ¶ 11. Defendant Owens allegedly never handled the cane and it did not pass through the metal detector. *See id.* ¶ 12.

Plaintiff purportedly left his driver's license with Defendant Owens and walked to the parking lot to place the cane in his car. *See id.* ¶ 11. Plaintiff then returned to the courthouse

without his cane, passed through the metal detector, and retrieved his driver's license from Defendant Owens.  *See id.* ¶ 12.

Nearly nine years later, on April 1, 2009, Plaintiff was arrested on a Fugitive from Justice warrant in the District of Columbia.  *See id.* ¶ 14.  Plaintiff was detained until April 6, 2009, when he was extradited to Charles County, Maryland and posted bond.  *See id.*

During a preliminary hearing in the District Court for Charles County on April 27, 2009, Plaintiff purportedly orally requested that the charges be dropped because (i) he had not been served with the summons and charging document pursuant to Maryland Rule 4-212(c) and (ii) the charging document erroneously states that Defendant Owens picked up the cane, unscrewed it, and discovered an 18 inch blade.  *See id.* ¶¶ 15-17.  Plaintiff alleges that Defendant Assistant State's Attorney Anthony Covington denied Plaintiff's request and trial was set for August 25, 2009.  *See id.* ¶ 17.

Plaintiff allegedly renewed his objections in writing on April 28, 2009, but the court denied his motion to dismiss.  *See id.* ¶ 18.  The court also later denied Plaintiff's motion to quash the charging documents and arrest warrant.  *See id.*

On August 25, 2009, the case was dismissed upon entry of a *nolle prosequi*.  *See id.* ¶ 19.  Shortly thereafter, Plaintiff purportedly requested that the Clerk of Charles County rescind or revoke any outstanding warrant or detainer relating to the charge, but the duty clerk rejected his letter.  *See id.*  ¶ 20.  On September 8, 2009, Plaintiff filed a motion to compel revocation of any warrants.  *See id.*  ¶ 21.  Plaintiff's motion is currently pending.  *See id*.

Plaintiff brought this action on September 10, 2009, seeking $10,000,000 in compensatory damages against "the State of Maryland" for unlawful arrest in violation of his "federal rights pursuant to 42 U.S.C. [§] 1983" and "common law rights pursuant to *respondeat*

*superior*," and $10,000,000 in compensatory and punitive damages against the "prosecuting officers" for malicious prosecution for violations of his "federal rights, pursuant to 42 U.S.C. [§] 1983 and for violations of the common law."  Compl. at 3.

On February 2, 2010, Defendants O'Malley, Gansler, and Covington filed a Motion to Dismiss, *see* Paper No. 9, and two days later, Defendant Owens also filed a Motion to Dismiss, *see* Paper No. 11.  Plaintiff then filed on February 19, 2010 an "Amended Complaint and Memorandum of [sic] in Opposition of [sic] Motion to Dismiss," *see* Paper No. 14, as well as a one paragraph "Motion for Summary Judgment" against Defendant Owens for "fail[ing] to answer the pleadings in a timely manner," *see* Paper No. 13.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

As an initial matter, Plaintiff's "Amended Complaint and Memorandum of [sic] in Opposition of [sic] Motion to Dismiss," *see* Paper No. 14, does not supersede the original complaint.  Although under the Federal Rules of Civil Procedure a plaintiff may amend his complaint as a matter of course within twenty-one days of service of a motion filed under Rule 12(b), *see* Fed. R. Civ. P. 15(a), a plaintiff must also comply with the Local Rules of this Court.

When amending a complaint, Local Rule 103.6.c requires that a plaintiff file and serve "(1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." L.R. 103.6.c. Not only did Plaintiff fail to adhere to this rule, but also Plaintiff's "Amended Complaint" merely consists of two new paragraphs regarding Defendant Covington. *See* Paper No. 14. Plaintiff's filing falls far short of what is required for an amended complaint.

## I.     The State of Maryland and Defendants O'Malley and Gansler

Plaintiff fails to state a claim against Defendants Governor O'Malley and Attorney General Gansler in their individual capacities. The complaint is devoid of any factual allegation regarding these two defendants, let alone "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Furthermore, to the extent that Plaintiff purports to state a claim for *respondeat superior* liability against Defendants O'Malley and Gansler in their individual capacities under 42 U.S.C. § 1983, Plaintiff has failed to allege that (i) these Defendants had actual or constructive knowledge of a "pervasive and unreasonable risk" of constitutional injury; (ii) they were deliberately indifferent to the risk; and (iii) there was an "affirmative causal link" between Defendants' inaction and the constitutional injury suffered by Plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Accordingly, Plaintiff's claims against these Defendants in their individual capacities must fail.

The Eleventh Amendment of the United States Constitution also bars Plaintiff's claims against Defendants O'Malley and Gansler in their official capacities, as well as any claim against

the State of Maryland.[1]  Under the Eleventh Amendment, "nonconsenting States may not be sued

by private individuals in federal court."  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363

(2001); *see also Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (same).  Although the

State of Maryland has waived its sovereign immunity for certain types of actions brought in state

court pursuant to the Maryland Tort Claims Act, *see* Md. Code Ann., State Gov't § 12-104, it has

not waived its Eleventh Amendment immunity for actions brought in federal Court, *see* Md.

Code Ann., State Gov't § 12-103(2).  *See also, e.g.*, *Hayat v. Fairely*, No. WMN-08-3029, 2009

U.S. Dist. LEXIS 68272, at *22-23 (D. Md. Aug. 5, 2009); *Dixon v. Balt. City Police Dep't*, 345

F. Supp. 2d 512, 513 (D. Md. 2003).  Any claim against the State of Maryland must therefore be

dismissed.  Because a suit against a state official in his official capacity is treated like a suit

against the state itself, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), Plaintiff's

claims for damages against Defendants O'Malley and Gansler in their official capacities are also

barred.[2]  *Lizzi v. Alexander*, 255 F.3d 128, 136 (4th Cir. 2001), *overruled in part on other*

*grounds by Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721 (2003); *Victors v.*

*Kronmiller*, 553 F. Supp. 2d 533, 549 (D. Md. 2008); *Middlebrooks v. Univ. of Md.*, 980 F.

Supp. 824, 828 (D. Md. 1997).

Moreover, Plaintiff's § 1983 claims against Governor O'Malley and Attorney General

Gansler in their official capacities, as well as any claim against the State of Maryland, must also

fail because they are not "persons" within the meaning of the statute.  *See Will*, 491 U.S. at 70-71

---

[1] Plaintiff's complaint does not name the State of Maryland as a defendant, but it does seek "[c]ompensatory damages against the State of Maryland."  Compl. at 3.

[2] Although the Eleventh Amendment does not preclude suit for injunctive relief against state officials sued in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985), Plaintiff has failed to allege any State policy or custom that would warrant injunctive relief, *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988), but rather seeks monetary damages based on an isolated incident.

(State); *Lizzi*, 255 F.3d at 136 (governor); *Kennedy v. Widdowson*, 804 F. Supp. 737, 741 (D. Md. 1992) (state's attorney).

## II.     Defendant Covington

Plaintiff's sole allegation regarding Defendant Assistant State's Attorney Covington is that at a preliminary hearing on April 27, 2009 he refused Plaintiff's request to dismiss the case on the grounds that Plaintiff had not been served with a summons[3] and the charging document contained inaccurate statements.  *See* Compl. ¶¶ 15-17.

Defendant Covington's decision not to dismiss the case at a preliminary hearing falls squarely within the doctrine of absolute prosecutorial immunity.  "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).   Similarly, "as a matter of Maryland common law, . . . prosecutors enjoy absolute immunity with respect to claims arising from their role in the judicial process – evaluating whether to commence a prosecution by criminal information, presenting evidence to a grand jury in the quest for an indictment, filing charges, and preparing and presenting the State's case in court."  *Gill v. Ripley*, 352 Md. 754, 770 (Md. 1999).   In declining to dismiss the case, Defendant Assistant State's Attorney Covington was clearly performing a prosecutorial function in open court as an advocate for the State, as opposed to an administrator or investigating officer.  *See Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) ("Absolute immunity protects prosecutors' decisions whether and when to prosecute." (internal

---

[3] The docket in the State criminal case reveals that the District Court for Charles County issued a summons on August 31, 2000.  *See* Def. Owens's Mot. to Dismiss Ex. 1.  After Plaintiff failed to appear, a fugitive warrant was issued on October 27, 2000.  *See id.*  The Court may consider the criminal docket entries without converting Defendant Owens's motion to a motion for summary judgment because they are matters of public record, central to Plaintiff's claim, and their authenticity cannot be questioned.  *See Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 397 (4th Cir. 2006).

quotation marks omitted)).  Plaintiff's claims against Defendant Covington are therefore barred under the doctrine of absolute prosecutorial immunity.

### III.    Defendant Owens

Plaintiff alleges that Defendant Officer Owens provided false information – namely, that he had picked up the cane, unscrewed it, and discovered an eighteen inch blade – when he filed the charging document.  *See* Compl. ¶ 15.

Because Plaintiff was arrested pursuant to a warrant, Plaintiff's allegations that his seizure was not supported by probable cause are more properly construed as a claim for malicious prosecution rather than for false arrest.  *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 182 (4th Cir. 1996) ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause . . . are analogous to the common-law tort of malicious prosecution."); *Montgomery Ward v. Wilson*, 339 Md. 701, 724 (Md. 1995) ("[W]hile procuring a warrantless arrest by giving false information to a police officer may constitute false imprisonment, falsely procuring an arrest through wrongfully obtaining a warrant is ordinarily malicious prosecution."); *see also Dorn v. Town of Prosperity*, No. 08-2005, 2010 U.S. App. LEXIS 5651, at *12 (4th Cir. Mar. 18, 2010) ("[T]here can be no claim for false arrest where a person is arrested pursuant to a facially valid warrant.").[4]  Accordingly, Plaintiff's claim against Defendant Owens for false arrest must be dismissed.

---

[4] *Cf. Schlamp v. Prince George's County*, No. 2006-1644, 2008 U.S. Dist. LEXIS 112319, at *7-9 (D. Md. Jan. 9, 2008) (finding that plaintiff's allegations that the detective submitted false information in the affidavit that supported the arrest warrant resembled a claim for malicious prosecution); *Hovatter v. Widdowson*, No. CCB-03-2904, 2004 U.S. Dist. LEXIS 18646, at *11-13 (D. Md. Sept. 15, 2004) (concluding that plaintiff was limited to a "§ 1983 claim akin to malicious prosecution based on any alleged Fourth Amendment violations" because he was arrested pursuant to a facially valid warrant, where defendant police officer allegedly falsified witness statements and made intentional misstatements of fact).

"To prevail on a Fourth Amendment malicious prosecution claim under § 1983, a plaintiff must show that: (1) the defendant initiated or maintained a criminal proceeding; (2) the criminal proceeding terminated in the plaintiff's favor; (3) the proceeding was not supported by probable cause; and (4) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Snider v. Seung Lee*, 584 F.3d 193, 202 (4th Cir. 2009); *see also Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (recognizing that a malicious prosecution claim "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution"). Similarly, under Maryland common law, a plaintiff asserting a claim for malicious prosecution must allege the following:

> 1) a criminal proceeding instituted or continued by the defendant against the plaintiff; 2) without probable cause; 3) with malice, or with a motive other than to bring the offender to justice; and 4) termination of the proceedings in favor of the plaintiff.

*Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000).

Defendant Officer Owens argues that he is protected by qualified immunity for personal civil liability under § 1983 as well as statutory state personnel immunity and common law public official immunity for any state law claims.[5] *See* Def. Owens's Mot. to Dismiss at 8-12, 14-18. However, none of these immunity defenses is available to Defendant, at least at this stage of the proceedings when the Court must accept as true the allegations in the complaint.

Government officials are entitled to qualified immunity from § 1983 claims "for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[5] Defendant Owens also argues that he cannot be held liable under § 1983 based upon the doctrine of *respondeat superior* because plaintiff fails to allege pervasive and unreasonable risk of constitutional injury or that the conduct is widespread. *See* Def. Owens's Mot. to Dismiss at 12-14. Plaintiff does not appear to allege that this Defendant supervised anyone, but to the extent that Plaintiff seeks to impose supervisory liability, any such claim against Defendant Owens must be dismissed.

rights of which a reasonable person would have known." *Pearson v. Callahan,* 129 S. Ct. 808, 815 (2009).  To defeat a motion to dismiss asserting qualified immunity, a plaintiff must allege a violation of a legal right that was clearly established at the time of the misconduct.  *See id.* at 816; *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (internal quotation marks and citation omitted)).

Statutory state personnel immunity only applies when a defendant acts without malice or gross negligence.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-522(b).  Similarly, common law public official immunity is only available absent malice.  *See DiPino v. Davis*, 354 Md. 18, 49 (Md. 1999) ("[I]n the absence of malice, the individual involved is free from liability."); *see also Gray-Hopkins v. Prince George's County*, 309 F.3d 224, 233 (4th Cir. Md. 2002) ("Neither statutory nor common law immunity is available to a Maryland public official who acts with malice.").  Maryland courts have "consistently defined malice as conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud . . . ." *Barbre v. Pope*, 402 Md. 157, 182 (Md. 2007) (citation and quotation marks omitted); *see also Young v. City of Mt. Ranier*, 238 F.3d 567, 578 (4th Cir. Md. 2001); *Newell v. Runnels*, 407 Md. 578, 637 (Md. 2009) (explaining that malice is "oftenest inferred from acts and circumstantial evidence . . . [and is] seldom admitted and need not be proved by direct evidence" (quotation marks omitted)).  "[A] wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Barbre*, 402 Md. at 187 (citation omitted).

Accepting all of the allegations in the complaint as true and in the light most favorable to Plaintiff, the Court concludes that Plaintiff has alleged sufficient facts to support the assertion

that Defendant Owens does not possess immunity for purportedly providing false information in the charging document. Qualified immunity is unavailable because at the time the charging document was created, it was clearly established that fabricating information in order to show probable cause would violate Plaintiff's Fourth Amendment rights.[6] *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-184 (4th Cir. 1996) ("Brooks' allegations that Officer Barker seized him pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a § 1983 malicious prosecution claim alleging a seizure that was violative of the Fourth Amendment.").[7] Furthermore, statutory state personnel immunity and common law public official immunity are unavailable to Defendant Owens because making falsehoods of the sort alleged here meets the definition of malice or gross negligence as that term is used in Maryland state courts. *See, e.g., Catterton v. Coale*, 84 Md. App. 337, 344 (Md. Ct. Spec. App. 1990) (finding that defendant social worker was not protected by statutory state personnel immunity because the allegation that she fabricated a report was sufficient to suggest malice or gross negligence).

The Court concludes that the allegations in the complaint prevent Defendant Officer Owens from successfully asserting an immunity defense in a motion to dismiss[8] and finds that

---

[6] Defendant Owens does not argue that his allegedly false statement in the charging document was unnecessary to the finding of probable cause. *See Wilkes v. Young*, 28 F.3d 1362, 1365 (4th Cir. 1994) ("It is well-established that a false or misleading statement in a warrant affidavit does not constitute a Fourth Amendment violation unless the statement is necessary to the finding of probable cause." (internal quotation marks omitted)).

[7] *Cf. Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (holding that prosecutor was not entitled to absolute prosecutorial immunity in § 1983 action for allegedly making false statements of fact in an affidavit supporting an application for an arrest warrant because she was performing the function of a complaining witness).

[8] Of course, Defendant Owens may, upon a motion for summary judgment or at trial, demonstrate after discovery that he is entitled to immunity. *See Alford v. Cumberland County*, No. 06-1569, 2007 U.S. App. LEXIS 24138, at *9 (4th Cir. Oct. 15, 2007) (observing that qualified immunity is sometimes decided on a motion to dismiss but more often tested at the summary judgment stage, and can even be applied after trial); *Jones v. Murphy*, 470 F. Supp. 2d 537, 549 (D. Md. 2007) ("[T]here are no qualified immunity grounds that bar proceeding with all claims against the Wardens at this time, although the issue may be raised again, if warranted, on summary judgment.").

Plaintiff has alleged a prima facie case of common law malicious prosecution and Fourth Amendment "malicious prosecution" under § 1983 against Defendant Officer Owens.[9]

## <u>CONCLUSION</u>

The Court, by separate Order, will dismiss with prejudice Plaintiff's claims against Defendants O'Malley, Gansler, and Covington, as well as any claims against the State of Maryland. However, Plaintiff's claims against Defendant Owens otherwise survive. The Court will also deny Plaintiff's wholly unsupported "Motion for Summary Judgment" against Defendant Owens.

<u>April 6, 2010</u>
Date

<u>            /s/            </u>
Roger W. Titus
United States District Judge

---

[9] The fact that Plaintiff's seizure was pursuant to a fugitive from justice warrant issued as a result of his failure to respond to a summons is of no moment because the summons would not have been issued but for the allegedly erroneous charging document. *Cf. Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("[S]urrender to the State's show of authority constituted a seizure for purposes of the Fourth Amendment.").