IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSEPH R. WAKER, JR.,** | * |
| Plaintiff, | * |
| v. | * Case No. RWT 09cv2380 |
| **G.E. OWEN,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Joseph R. Waker, Jr. ("Waker") instituted this action against Officer G.E. Owen ("Owen"), Governor Martin O'Malley, Attorney General Douglas Gansler, and Assistant State's Attorney Anthony Covington, in their individual and official capacities, for "Fourth Amendment – wrongful arrest" and "First Amendment – due process violations, and malicious prosecution." Compl. at 1. The Complaint was previously dismissed against all Defendants except Officer Owen. *See* ECF Nos. 15, 16. Owen now moves for summary judgment on the only surviving claims, those for malicious prosecution under state common law and 42 U.S.C. § 1983.

## BACKGROUND AND PROCEDURAL HISTORY

On August 31, 2000, Waker, with the assistance of a cane, entered the Charles County Courthouse in La Plata, Maryland. *See* Compl. ¶ 10. As Waker approached the metal detector, Owen, a Deputy Sheriff, Patrol Officer II for Charles County, purportedly asked him whether the cane he was carrying contained a concealed weapon. *See id.* ¶ 11. Waker alleges Owen never handled the cane, and claims it did not pass through the metal detector. *See id.* ¶ 12. Waker claims he left his driver's license with Owen and walked to the parking lot to place the cane in his car. *See id.* ¶ 11. Waker alleges he then returned to the courthouse without the cane,

passed through the metal detector, and retrieved his license from Owen. *See id.* ¶ 12.

Conversely, Owen provides the Court with evidence showing that he confiscated the cane on August 31, 2000, after finding an eighteen-inch blade hidden inside it. *See* Def. Mot. Summ. Judg., at Ex. 2. Later that same day, Owen applied for a Statement of Charges related to the incident. Def.'s Mot. for Summ. Judg., Ex. 1, at ¶ 6. The District Court of Maryland for Charles County issued a Statement of Charges, charging Waker with a violation of Md. Code Ann., Art. 27 § 36, wearing and carrying a concealed deadly weapon. *Id*. at Ex. 5. On October 27, 2000, the District Court issued a warrant for Waker's arrest. *Id.* at 15.

Nearly nine years later, on April 1, 2009, Waker was arrested on a Fugitive from Justice warrant in the District of Columbia related to the cane incident. *See* Compl. ¶ 14. He was detained until April 6, 2009, when he was extradited to Charles County, Maryland and posted bond. *See id.* During a preliminary hearing in the District Court for Charles County on April 27, 2009, Waker purportedly orally requested that the charges be dropped because (i) he had not been served with the summons and charging document pursuant to Maryland Rule 4-212(c) and (ii) the charging document erroneously stated that Owen picked up the cane, unscrewed it, and discovered an eighteen-inch blade. *See id.* ¶¶ 15-17. Waker alleges that Defendant Assistant State's Attorney Anthony Covington denied Plaintiff's request and trial was set for August 25, 2009. *See id.* ¶ 17. Waker allegedly renewed his objections in writing on April 28, 2009, but the court denied his motion to dismiss. *See id.* ¶ 18. The court also later denied Waker's motion to quash the charging documents and arrest warrant. *See id.*

On August 25, 2009, the case against Waker was dismissed upon entry of a *nolle prosequi*. *See id.* ¶ 19. Shortly thereafter, Waker purportedly requested via letter that the Clerk of Charles County rescind or revoke any outstanding warrant or detainer relating to the charge,

but the duty clerk rejected his letter. *See id.* ¶ 20. On September 8, 2009, Waker filed a motion to compel revocation of any warrants. *See id.* ¶ 21. That motion was allegedly pending as of April 6, 2010. *See id.*

Waker brought this action on September 10, 2009, against the State of Maryland and various individuals for unlawful arrest in violation of his "federal rights pursuant to 42 U.S.C. [§] 1983" and "common law rights pursuant to *respondeat superior*," and sought $10,000,000 in compensatory and punitive damages. *See id.* at 3. On February 2, 2010, Defendants O'Malley, Gansler, and Covington filed a Motion to Dismiss the Complaint. ECF No. 9. Two days later, Defendant Owen also moved to dismiss the Complaint. ECF No. 11. On February 19, 2010, Waker filed an "Amended Complaint and Memorandum of [sic] in Opposition of Motion to Dismiss," as well as a one paragraph "Motion for Summary Judgment" against Defendant Owens for "fail[ing] to answer the pleadings in a timely manner." ECF Nos. 13, 14.

On April 6, 2010, the Court denied Waker's Motion for Summary Judgment and granted Defendants' motions to dismiss as to all claims except the claims of malicious prosecution asserted against Owen. *See* ECF Nos. 15, 16. On April 26, 2010, Owen answered the Complaint and asserted various affirmative defenses. ECF No. 18. On March 4, 2011, after the conclusion of discovery, Owen moved for summary judgment. ECF No. 32. He argues that there is no genuine dispute regarding the fact that he had probable cause to apply for a statement of charges against Waker, and also argues that he is entitled to state personnel immunity. ECF No. 32 at 6, 11.

On June 8, 2011, Waker opposed Owen's Motion for Summary Judgment, but failed to provide any evidentiary materials or affidavits in support of his opposition. ECF No. 40. On June 13, 2011, Owen filed a reply. ECF No. 41. Owen's Motion for Summary Judgment is ripe

for resolution.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (2). The Supreme Court has clarified that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.*

"A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e))(internal quotations omitted). The court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris,* 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L. Ed. 2d 686 (2007) (quoting *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L. Ed. 2d 176 (1962)). However, "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. at 380 (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

4

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## ANALYSIS

"To prevail on a Fourth Amendment malicious prosecution claim under § 1983, a plaintiff must show that: (1) the defendant initiated or maintained a criminal proceeding; (2) the criminal proceeding terminated in the plaintiff's favor; (3) the proceeding was not supported by probable cause; and (4) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Snider v. Seung Lee*, 584 F.3d 193, 202 (4th Cir. 2009); *see also Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000). Similarly, under Maryland common law, a plaintiff asserting a claim for malicious prosecution must allege the following four elements:

> 1) a criminal proceeding instituted or continued by the defendant against the plaintiff; 2) without probable cause; 3) with malice, or with a motive other than to bring the offender to justice; and 4) termination of the proceedings in favor of the plaintiff.

*Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000).

"The burden is on the plaintiff in a malicious prosecution case to show that the defendant lacked probable cause." *Smithfield Packing Co., Inc. v. Evely,* 169 Md. App. 578, 905 A.2d 845, 860 (Md. App. 2006). Probable cause is "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the accused is guilty." *Id.* (quoting *Gladding Chevrolet, Inc. v. Fowler,* 264 Md. 499, 287 A.2d 280 (Md. 1972)). Probable cause is "determined by the facts known at the time the prosecution was instituted." *Silvera v. Home Depot U.S.A., Inc.,* 189 F. Supp. 2d 304, 310 (D. Md. 2002) (citing *Banks v. Montgomery Ward & Co.,* 212 Md. 31, 128 A.2d 600, 604-05 (Md. 1957)). If the

5

material facts are undisputed with respect to probable cause, then the question of probable cause is one for the court. *Id.* (citing *Fowler,* 287 A.2d at 284).

Thus, the Court must determine whether a reasonable person in Owen's position would have believed in good faith that Waker was involved in a crime at the time Owen applied for the statement of charges. *Nasim v. Tandy Corp.,* 726 F. Supp. 1021, 1027 (D.Md.1989). Owen argues that the evidence clearly shows that he had probable cause to apply for a statement of charges against Waker.

The evidence in the record demonstrates that Owen seized the cane and discovered a concealed weapon therein, giving him probable cause to apply for a statement of charges against Waker. Waker claims that as he entered the courthouse, Owen asked him if his cane concealed a weapon, and then asked him not to enter the courthouse with the cane. Compl. at ¶11. Waker claims he complied, left his driver's license with Owen and returned the cane to his car. *Id.* However, Owen states that he retained the cane and placed it in the Sherriff's Office "property hold" where it remains. Mot. Summ. Judg. at Ex. 2. Owen clearly handled the cane, unscrewed the top, found that there was a blade inside, and confiscated it. *See* Mot. Summ. Judg., Ex. 1, ¶¶ 4-5; Ex. 2. Therefore, Waker could not have left the cane in his car as he claims; rather, the only plausible interpretation of the facts is that Waker brought the cane into the courthouse where it was confiscated.

It is clear that an eighteen-inch blade is a dangerous and deadly weapon. *Handy v. State*, 357 Md. 685, 691-92, 745 A.2d 1107, 1110-11 (2000) ("dangerous or deadly weapons" encompass those devices that are inherently dangerous or deadly or that may be used with dangerous or deadly effect.) It is also undisputed that the blade was concealed in a cane that Mr. Waker carried to the security checkpoint in the Courthouse. *See In re Colby H.*, 362 Md. 702,

712-14, 766 A.2d 639, 644-45 (2001) (defining "carry" as "to move while supporting; convey; transport"). Thus, there is no dispute of material fact regarding whether Owen had probable cause to apply for a statement of charges against Waker. He clearly did and is therefore entitled to summary judgment. Waker does not provide any affidavit or other evidence, nor does he cite any relevant case law in his opposition to Owen's Motion for Summary Judgment to support his claim that Owen lacked probable cause to apply for a Statement of Charges against him.

## **CONCLUSION**

For the reasons stated above, no rational trier of fact could find that Owen did not have probable cause to charge Waker with a violation of Md. Code Art. 27, § 36, wearing or carrying a concealed dangerous and deadly weapon. Because the record taken as a whole could not lead a rational trier of fact to find for the Plaintiff, there is no genuine issue for trial. Accordingly, the Court will grant Owen's Motion for Summary Judgment.

A separate order follows.


Date: July 27, 2011 /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE